UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Yovanny Alexis Chacin-Castillo,
Petitioner,
v.
WARDEN, Otay Mesa Detention Center,
Respondent.

Case No.: 26-cv-5493-JES-JLB

**ORDER CONDITIONALLY APPOINTING COUNSEL**

Before the Court is Petitioner Yovanny Alexis Chacin-Castillo's Writ for Petition of Habeas Corpus. ECF No. 1. The Petition was originally filed in the Western District of Washington, but on September 21, 2026, it was transferred to this District on the basis that Petitioner is detained within this district, at the Imperial Regional Detention Facility. ECF Nos. 10-11.

This Petition is filed on Petitioner's behalf by his domestic partner, Kiara Gauna ("Ms. Gauna"), who seeks next friend standing to litigate on his behalf. ECF No. 1 at 9. A "next friend" may bring a habeas petition on behalf of another if certain circumstances are met. *Whitmore v. Arkansas*, 495 U.S. 124, 161-63 (1990). To obtain such standing, the next friend has the burden to show: "(1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to the court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests

of, the petition." *Coalition of Clergy, Lawyers, and Professors v. Bush*, 310 F.3d 1153, 1159-60 (9th Cir. 2002). Here, Ms. Gauna filed this petition on behalf of Petitioner since he is detained, maintains a significant relationship with him as his domestic partner and mother to their baby, and is dedicated to his interests in the petition. ECF No. 1-2 at 5-6. Thus, the Court is satisfied that she has established the requirements for next friend standing.

However, even after making such a showing, the next friend does not become a party to the lawsuit and the detainee remains the real party interest. *Whitmore*, 495 U.S. at 163. As such, next friends are not permitted to proceed without obtaining counsel because pro se litigants generally have no authority to represent anyone other than themselves. *Cheema v. Warden, California City Det. Facility*, No. 1:26-CV-00203-DC-DMC-HC, 2026 WL 124841, at *2 (E.D. Cal. Jan. 16, 2026); *see Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."); *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'") (citation omitted); *Cholakhiam by & through v. Noem*, No. 1:26-CV-01204-JLT-CDB (HC), 2026 WL 440603, at *1-2 (E.D. Cal. Feb. 17, 2026).

Thus, next, the Court must consider if it should appoint counsel in this case. Considering the complexity of the constitutional, statutory, and procedural issues presented in this matter, the Court finds that representation will serve the interests of justice. 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Accordingly, the Court hereby **CONDITIONALLY APPOINTS** Federal Defenders of San Diego, Inc., as counsel, effective immediately. The Court **ORDERS** Petitioner to submit a form CJA 23 financial affidavit by **October 6, 2026,** to demonstrate his financial eligibility. *See* 18 U.S.C. § 3006A(b); *Terovolas v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990). If Federal Defenders of San Diego, Inc., determines that Petitioner is not financially eligible for appointed counsel, or that it does not have the capability to represent

him, Federal Defenders of San Diegos, Inc., shall notify Petitioner and file notice with this Court by **October 6, 2026**. If so, Petitioner shall continue unrepresented. If Federal Defenders choose to accept representation, Petitioner may file an amended Petition no later than **October 6, 2026**.

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from this District unless and until the Court orders otherwise. *See Doe v. Bondi*, Case. No. 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases); *A.M. v. LaRose et al.*, 25-cv-01412, ECF No. 2 (S.D. Cal. June 4, 2025).

**IT IS SO ORDERED.**

Dated: September 29, 2026

Honorable James E. Simmons Jr.
United States District Judge